# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION NO. VI | : <br> : <br> : |
| This document relates to: | : MDL 875 <br> : |
| CALVIN DAMON and ROSEANNE DAMON, h/w, <br> Plaintiffs, <br> v. <br> AIREON MANUFACTURING CORP., et al. <br> Defendants | : <br> : E.D. PA Case No. 2:14-cv-01954 <br> : <br> : <br> : <br> : <br> : <br> : |

## REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT RAYTHEON COMPANY

Basil A. DiSipio, Esquire
LAVIN, O'NEIL, CEDRONE & DISIPIO
PA ID # 28212
190 North Independence Mall W.
Suite 500
6th and Race Streets
Philadelphia, PA 19106
Phone: (215) 627-0303

Mary A. Wells, Esquire
Marilyn S. Chappell, Esquire
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Phone: (303) 830-1212

ATTORNEYS FOR DEFENDANT
RAYTHEON COMPANY

Dated: August 31, 2015

Defendant Raytheon Company (Raytheon) respectfully submits this Reply Brief in support of its Motion for Summary Judgment. Raytheon is entitled to summary judgment because Plaintiffs cannot make out a *prima facie* case that Plaintiff Calvin Damon was exposed to any asbestos from any Raytheon product, let alone that such exposure was a substantial contributing factor to Plaintiffs' asserted injuries and damages. Their Response arguments, based on attempted extrapolations from archive documents, lack any supporting expert opinions or other admissible evidence that would suffice to meet their burden to show a triable fact issue. Raytheon's Motion should be granted.

**Plaintiffs Have Not Met Their Burden of Opposing Summary Judgment**

Plaintiffs' Response Memorandum does not counter Raytheon's showing of entitlement to summary judgment. As this Court has held:

> While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must set forth specific facts showing that there is a genuine issue for trial.

*E.g., Kelly v. CBS Corp.*, E.D. Pa. No. 2:11-67269-ER at PACER No. 284, 2014 WL 6735121, at *1 n.1. (E.D. Pa. Aug. 18, 2014). To demonstrate a genuine issue for trial, the non-moving party must demonstrate that "there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party." *E.g., Faddish v. Buffalo Pumps*, No. 09–70626, 2010 WL 3324927, at *1 (E.D. Pa. Aug. 17, 2010). The non-movant's showing must be based on admissible evidence. *See, e.g., Barnes v. General Elec. Co.*, No. 2:09–92342–ER, 2012 WL 2989136, at *1 (E.D. Pa. June 21, 2012). Unsubstantiated allegations do not suffice. *See Faddish*, 2010 WL 3324927, at *1.

To prove causation from asbestos exposure for product liability claims, this Court has

held that a plaintiff must show, for each defendant: (1) plaintiff was "exposed to the defendant's product"; (2) the product was a "substantial factor in causing the injury suffered"; and (3) "the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged." *Kelly*, 2014 WL 6735121, at *1 n.1.[1]

**Plaintiffs Have Failed to Make a *Prima Facie* Case of Product Identification or Causation.**

Plaintiffs base their Response arguments on archive documents obtained by counsel which do not show that any Raytheon product that Plaintiffs claim provided exposure had asbestos in it. Those documents, unsupported by necessary expert opinions (or admissible evidence from fact witnesses) on product identification or causation, do not meet Plaintiffs' requisite burden to overcome summary judgment. Moreover, even on their face, they fail to support Plaintiffs' assertions.

In his April 2014 deposition testimony, Mr. Damon stated that he recalled the name "Raytheon" on the cover plate of a radarscope he worked with on the USS Lake Champlain, but could not recall anything further about the product. (*See* Raytheon's Brief in Support of Motion, pp. 4-5, and Ex. A to Motion.) At Mr. Damon's November 2014 deposition, Plaintiffs' counsel questioned Mr. Damon about archive documents counsel had obtained. (Ex. D and E to Response). Mr. Damon testified that he could not identify a Raytheon product manual from those documents. (*See* Raytheon's Brief in Support of Motion, pp. 4-5, and Ex. B to Motion.)

---

[1] Plaintiffs' Response legal arguments do not warrant extensive discussion. Plaintiffs appear to interpret Raytheon's reference to maritime law in its Motion as an attempt to recast Plaintiffs' action as one involving "maritime claims" (*see* Response, pp. 5-6). This is not so. Raytheon simply contends that based on this Court's jurisprudence on choice of law, tort liability principles under maritime law apply, based on the nature of Plaintiffs' theory of exposure onboard U.S. Navy ships. The authorities cited by Plaintiffs on maritime claim principles (Response, pp. 5-7) are inapposite.

2

Mr. Damon stated that he worked on a product that was "similar" to a "gyro compass" depicted in an archive document, relating to the AN/SPN-12 (XN-1). (Ex. C to Response, p. 115.) However, he also reiterated that he could not recall a specific Raytheon product or component he associated with the name. (*See* Raytheon's Brief in Support of Motion, pp. 4-5, and Ex. B to Motion.)

Nonetheless, in their Response, Plaintiffs allege that Mr. Damon was "exposed to and inhaled asbestos dust when he opened up Raytheon radar equipment" – which Plaintiffs state was "a radar set AN/SPN-12 (XN-1)" – which "contained asbestos." (Response, pp. 2-3 and Ex. D and E.) But Plaintiffs have provided no evidence that the AN/SPN-12 (XN-1) contained asbestos or that Mr. Damon was exposed to asbestos from it.

Plaintiffs' assertions are insufficient to create a genuine fact issue. Plaintiffs provide no expert opinion testimony that would establish that Mr. Damon was exposed to asbestos from a Raytheon product, or that Mr. Damon's alleged work with or around a Raytheon product was a substantial factor in causing his disease. Plaintiffs' vague assertion that expert opinion may be provided at some unspecified future time (Response, p. 4) does not suffice to meet Plaintiffs' burden to overcome Raytheon's Motion.

Moreover, even on their face, the documents on which Plaintiffs rely do not support Plaintiffs' allegations. Plaintiffs allege in their Response that Mr. Damon was exposed to asbestos from the AN/SPN-12(XN-1). However:

- None of the documents relating to the AN/SPN-12(XN-1) references "asbestos." *See* Ex. D to Response, PACER Doc. 265, pp. 38-47 (Navships 91778(A)). The sole document mentioning "asbestos" is not for the AN/SPN-12(XN-1), but relates to a different product. *See* PACER Doc. 265, p. 48 (Navships 91384).

- The AN/SPN-12(XN-1) documents (Ex. D) say nothing about the USS Independence

3

or USS Lake Champlain on which Mr. Damon served. There is no evidence that this product was in fact on the ships upon which Mr. Damon served. The Ex. E document regarding the USS Independence says nothing about Raytheon – and does not reference the AN/SPN-12(XN-1).

- Mr. Damon states he served on the U.S. Navy ships during 1964-67. The AN/SPN-12(XN-1) document is dated October 16, 1952. The document does not establish anything about the product during the time when Mr. Damon could have been exposed to it. Assuming only for the purpose of argument that he did encounter the AN/SPN-12(XN-1), there is no evidence to establish that it was in the same condition in 1964-67 that it was in when it left the control of Raytheon.

- The Exhibit E document regarding the USS Independence is dated December 1958 – again, years before the time of Mr. Damon's stated service.

In short, Plaintiffs have not created a triable fact issue that Mr. Damon was exposed to asbestos from a Raytheon product such that exposure was a substantial factor in causing disease. Plaintiffs' Response is cobbled together by argument of counsel, understandable considering Plaintiffs cannot make the necessary *prima facie* showing. Plaintiffs cannot establish product identification or causation such that a jury could find in their favor. Raytheon's Motion should be granted.

### Plaintiffs Can Make No *Prima Facie* Claim of Negligence

Plaintiffs appear to state that even if they cannot prevail on strict liability, they still have a claim for negligence, based on the assertion that "if defendant designed its product to contain asbestos and failed to warn it remains liable for injuries caused by its product." (Response, p. 5.) However, Plaintiffs have no *prima facie* case based on negligence principles.

Proof of negligence requires a *greater* showing than proof of strict liability: not only must the plaintiff demonstrate causation of injury, but also that the defendant breached a duty of reasonable care. *See, e.g., Lewis v. Todd Shipyard Corp.*, No. 1:11-67658-ER, 2012 WL 7761564, at *1 n.1 (E.D. Pa. Dec. 11, 2012). Here, Plaintiffs can do neither. They cannot

demonstrate that Mr. Damon was exposed to any asbestos for which Raytheon is liable, nor can they prove that Raytheon breached any duty with regard to manufacture or duty to warn of any hypothetical asbestos product "hazard." *See, e.g., Kelly*, 2014 WL 6735121, at *1 (granting summary judgment on negligence claim due to lack of evidence of causation; "any such finding would be impermissibly speculative"); *Connor v. Alfa Laval, Inc.*, 842 F.Supp.2d 791, 801 (E.D. Pa. 2012) (granting summary judgment on negligence claim as product manufacturers have no duty to warn as to asbestos-containing products they neither manufactured nor distributed); *cf.* Restatement (Second) of Torts § 388 (1965) ("Chattel Known to be Dangerous for Intended Use").[2] There simply is no admissible evidence upon which Plaintiffs can argue to a jury that Raytheon failed to meet the standard of care. Plaintiffs' inability to present admissible evidence of product identification and causation dooms their negligence claim along with their strict liability claim.

---

[2] Plaintiffs' further discussion of Pennsylvania state law negligence principles (Response, pp. 6-7) is not germane to resolution of Raytheon's Motion and need not be further addressed. As to Raytheon's government contractor defense (*see* Response, p. 2), Plaintiffs' lack of a *prima facie* showing means that their claims against Raytheon should not go to a jury. The court need not reach the government contractor defense in resolving Raytheon's motion for summary judgment.

## CONCLUSION

Defendant Raytheon Company respectfully requests an order from this Court granting summary judgment in its favor on all claims asserted against it by Plaintiffs in this action, and dismissing all such claims with prejudice.

August 31, 2015

Respectfully submitted,

LAVIN, O'NEIL, CEDRONE & DISIPIO

By: /s/
Basil A. DiSipio, Esquire
PA ID # 28212 190 North Independence Mall W.
Suite 500 6th and Race Streets
Philadelphia, PA 19106
Phone: (215) 627-0303

Mary A. Wells, Esquire
Marilyn S. Chappell, Esquire
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Phone: (303) 830-1212

ATTORNEYS FOR DEFENDANT
RAYTHEON COMPANY

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION NO. VI | |
| This document relates to: | MDL 875 |
| CALVIN DAMON and ROSEANNE DAMON, h/w, | E.D. PA Case No. 2:14-cv-01954 |
| Plaintiffs, | |
| v. | |
| AIREON MANUFACTURING CORP., et al. | |
| Defendants | |

## NOTICE OF SERVICE

I hereby certify that on August 31, 2015, a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT RAYTHEON COMPANY was served on Plaintiffs' counsel, Robert E. Paul, Esquire, and all counsel of record by ECF Filing.

**LAVIN, O'NEIL, CEDRONE & DISIPIO**

By: _____/s/_____
Basil A. DiSipio, Esq. (PA ID #28212)
Counsel for Defendant, 3M Company
190 N. Independence Mall West, Suite 500
Philadelphia, PA 19106
bdisipio@lavin-law.com
Telephone: (215) 351-7929
Fax: (215) 627-2551

Dated: August 31, 2015