IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN DAMON and ROSEANN DAMON, | : : : | CONSOLIDATED UNDER MDL 875 |
| Plaintiffs, | : : | |
| v. | : : | |
| AIREON MANUFACTURING CORP., ET AL., | : : : | E.D. PA CIVIL ACTION NO. 2:14-01954-ER |
| Defendants. | : | |

FILED
SEP 0 1 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

O R D E R

**AND NOW**, this **31st** day of **August, 2015**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant General Electric Company (Doc. No. 253) is **GRANTED**.[1]

---

[1] This case was removed in April of 2014 from the Court of Common Pleas of Philadelphia to the United States District Court for the Eastern District of Pennsylvania, where it became part of MDL-875.

Plaintiff Calvin Damon ("Mr. Damon") alleges that he developed lung cancer as a result of exposure to asbestos while serving in the Navy. Plaintiffs allege that General Electric Company ("GE" or "General Electric") is liable for asbestos exposure arising from shipboard equipment manufactured by it (or Radio Corporation of America ("RCA"), which Plaintiff asserts was acquired by General Electric), which was used aboard ships. The alleged exposure pertinent to Defendant occurred aboard:

- USS Independence (CVA-62) - May 1964-May 1966
- USS Lake Champlain (CVS-39) - June 1966-July 1967

Plaintiffs brought claims against various defendants. Defendant General Electric has moved for summary judgment, arguing that there is insufficient evidence to establish causation with respect to any product for which it could be liable. Defendant asserts that maritime law applies. Plaintiffs contend that their claims are governed by Pennsylvania state law.

I.  **Legal Standard**

   A.  Summary Judgment Standard

   Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

   In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

   B.  The Applicable Law

   Defendant asserts that maritime law applies. Plaintiffs contend that their claims are governed by Pennsylvania law. Whether maritime law is applicable is a threshold dispute that is a question of federal law, see U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the law of the circuit in which this MDL court sits. See Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has previously set forth guidance on this issue. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

2

In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. Id. at 463-66 (discussing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury be caused by a vessel on navigable waters. Id. In assessing whether work was on "navigable waters" (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters. See Sisson v. Ruby, 497 U.S. 358 (1990). This Court has previously clarified that this includes work aboard a ship that is in "dry dock." See Deuber v. Asbestos Corp. Ltd., No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011)(Robreno, J.)(applying maritime law to ship in "dry dock" for overhaul). By contrast, work performed in other areas of the shipyard or on a dock, (such as work performed at a machine shop in the shipyard, for example, as was the case with the Willis plaintiff discussed in Conner) is land-based work. The connection test requires that the incident could have "'a potentially disruptive impact on maritime commerce,'" and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365, and n.2).

> Locality Test
>
> If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard, and includes those in "dry dock"), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." Conner, 799 F. Supp. 2d at 466; Deuber, 2011 WL 6415339, at *1 n.1. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.
>
> Connection Test
>
> When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will almost always meet the connection test necessary for the application of maritime law. Conner, 799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at

3

534). This is particularly true in cases in which the exposure has arisen as a result of work aboard Navy vessels, either by Navy personnel or shipyard workers. See id. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. Id.

It is undisputed that Plaintiff's alleged exposure to asbestos from Defendant's product(s) occurred while aboard a ship. Therefore, this exposure was during sea-based work. See Conner, 799 F. Supp. 2d 455. Accordingly, maritime law is applicable to Plaintiffs' claims against Defendant. See id. at 462-63.

C. <u>Bare Metal Defense Under Maritime Law</u>

This Court has held that the so-called "bare metal defense" is recognized by maritime law, such that a manufacturer has no liability for harms caused by – and no duty to warn about hazards associated with – a product it did not manufacture or distribute. Conner v. Alfa Laval, Inc., No. 09-67099, – F. Supp. 2d –, 2012 WL 288364, at *7 (E.D. Pa. Feb. 1, 2012)(Robreno, J.).

D. <u>Product Identification/Causation Under Maritime Law</u>

In order to establish causation for an asbestos claim under maritime law, a plaintiff must show, for each defendant, that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered." Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005); citing Stark v. Armstrong World Indus., Inc., 21 F. App'x 371, 375 (6th Cir. 2001). This Court has also noted that, in light of its holding in Conner v. Alfa Laval, Inc., No. 09-67099, – F. Supp. 2d –, 2012 WL 288364 (E.D. Pa. Feb. 1, 2012)(Robreno, J.), there is also a requirement (implicit in the test set forth in Lindstrom and Stark) that a plaintiff show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged. Abbay v. Armstrong Int'l., Inc., No. 10-83248, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012)(Robreno, J.).

Substantial factor causation is determined with respect to each defendant separately. Stark, 21 F. App'x. at 375. In establishing causation, a plaintiff may rely upon direct evidence (such as testimony of the plaintiff or decedent who experienced

4

the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time. Id. at 376 (quoting Harbour v. Armstrong World Indus., Inc., No. 90-1414, 1991 WL 65201, at *4 (6th Cir. April 25, 1991)).

A mere "minimal exposure" to a defendant's product is insufficient to establish causation. Lindstrom, 424 F.3d at 492. "Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." Id. Rather, the plaintiff must show "'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" Id. (quoting Harbour, 1991 WL 65201, at *4). The exposure must have been "actual" or "real", but the question of "substantiality" is one of degree normally best left to the fact-finder. Redland Soccer Club, Inc. v. Dep't of Army of U.S., 55 F.3d 827, 851 (3d Cir. 1995). "Total failure to show that the defect caused or contributed to the accident will foreclose as a matter of law a finding of strict products liability." Stark, 21 F. App'x at 376 (citing Matthews v. Hyster Co., Inc., 854 F.2d 1166, 1168 (9th Cir. 1988)(citing Restatement (Second) of Torts, § 402A (1965))).

## II.  Defendant General Electric's Motion for Summary Judgment

### A.  Defendant's Arguments

General Electric argues that Plaintiff's evidence is insufficient to establish causation with respect to any product for which it can be liable. It contends that this is because (1) there is no evidence that Plaintiff breathed in any respirable asbestos fibers from a product manufactured by it or RCA, (2) there is no evidence that it was negligent in any way (i.e., that it violated any duty of care owed to Plaintiff), and (3) there is no admissible testimony that any GE or RCA product contained asbestos because (a) Plaintiff's testimony on the matter is inadmissible lay testimony, (b) any information on asbestos content that he obtained from his counsel is inadmissible hearsay, and (c) he has not proffered scientific evidence on this matter (such as expert testimony or scientific analysis of the composition of the products at issue).

### B.  Plaintiff's Arguments

In support of his assertion that he has identified sufficient evidence of exposure/causation to survive summary

5

judgment, Plaintiff cites to the following evidence:

- <u>Deposition of Plaintiff (Calvin Damon)</u>
  Plaintiff provides testimony that he worked as a radarman aboard the <u>USS Lake Champlain</u> and the <u>USS Independence</u> during the mid 1960s. He explained that he worked in both the "ECM" room and the "radar room."

  Plaintiff testified that he worked with RCA equipment in the "ECM" or radar room, and that he was exposed to respirable dust from this equipment when he would take it apart and open it up.

  He also testified that he worked with radar equipment, and that it looked similar to RCA radar equipment shown to him by counsel in a document. He could not testify that the radar equipment he worked with was in fact RCA.

  Plaintiff confirmed that he could not testify to working with any GE equipment during his time aboard the ships.

  (Pl. Exs. A and B, Doc. No. 267.)

- <u>Various Documents</u>
  Plaintiff cites to various other pieces of evidence, including military specifications, expert testimony, marketing materials, discovery responses of Defendant, correspondence with Defendant, and industry articles (dating back to the 1930s). None of these documents show that Plaintiff was exposed to respirable asbestos dust from any product manufactured or supplied by GE or RCA (even when considered in conjunction with Plaintiff's deposition testimony describing his work and dust exposures while aboard the ships at issue).

  (Pl. Exs. C through O, Doc. Nos. 267, 267-1, 267-2, 267-3, 267-4, 267-5, and 267-6.)

### C. Analysis

Plaintiff alleges that he was exposed to asbestos from RCA radar equipment, GE radar equipment, gaskets used in connection with the radar equipment, and wire insulation used in connection with all of this equipment. The Court examines the evidence pertaining to each source of alleged exposure separately:

#### (i) RCA Radar Equipment

There is evidence that Plaintiff worked with RCA equipment in the "ECM" or radar room, and that he was exposed to respirable dust from this equipment when he would take it apart and open it up. There is also evidence that he worked with radar equipment that looked similar to RCA radar equipment shown to him by counsel in a document. However, there is no evidence that any of the respirable dust to which he was exposed in connection with the RCA equipment contained asbestos – or that he was otherwise exposed to respirable asbestos dust from any radar equipment manufactured or supplied by RCA (or GE). As such, no reasonable jury could conclude from the evidence that Plaintiff was exposed to asbestos from radar equipment manufactured and/or supplied by RCA (or GE) such that it was a substantial factor in the development of his illness because any such finding would be based on conjecture. See Lindstrom, 424 F.3d at 492. Accordingly, summary judgment in favor of Defendant is warranted with respect to this source of alleged asbestos exposure. Anderson, 477 U.S. at 248-50.

#### (ii) GE Radar Equipment

There is no evidence that Plaintiff was exposed to respirable dust from GE radar equipement (whether asbestos-containing or otherwise). As such, no reasonable jury could conclude from the evidence that Plaintiff was exposed to asbestos from radar equipment manufactured and/or supplied by GE such that it was a substantial factor in the development of his illness because any such finding would be based on conjecture. See Lindstrom, 424 F.3d at 492. Accordingly, summary judgment in favor of Defendant is warranted with respect to this source of alleged asbestos exposure. Anderson, 477 U.S. at 248-50.

E.D. Pa. No. 2:14-01954-ER          **AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

(iii) <u>Gaskets</u>

There is no evidence that Plaintiff was exposed to respirable asbestos dust from any gasket manufactured or supplied by GE or RCA. As such, no reasonable jury could conclude from the evidence that Plaintiff was exposed to asbestos from gaskets manufactured and/or supplied by Defendant such that it was a substantial factor in the development of his illness because any such finding would be based on conjecture. See <u>Lindstrom</u>, 424 F.3d at 492. Accordingly, summary judgment in favor of Defendant is warranted with respect to this source of alleged asbestos exposure. <u>Anderson</u>, 477 U.S. at 248-50.

(iv) <u>Wire Insulation</u>

There is no evidence that Plaintiff was exposed to respirable asbestos dust from any wire (and/or insulation) manufactured or supplied by GE or RCA. As such, no reasonable jury could conclude from the evidence that Plaintiff was exposed to asbestos from wire (and/or insulation) manufactured and/or supplied by Defendant such that it was a substantial factor in the development of his illness because any such finding would be based on conjecture. See <u>Lindstrom</u>, 424 F.3d at 492. Accordingly, summary judgment in favor of Defendant is warranted with respect to this source of alleged asbestos exposure. <u>Anderson</u>, 477 U.S. at 248-50.

D. **Conclusion**

Summary judgment in favor of Defendant on grounds of insufficient evidence of exposure/causation is <u>granted</u> with respect to all alleged sources of exposure.